IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| MONTGOMERY CARL AKERS, | **MEMORANDUM DECISION** |
| | **AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:10-CV-34-DB |
| | |
| JAMES KESZEI, | District Judge Dee Benson |
| | |
| Defendant. | |

_____

Plaintiff/inmate Montgomery Carl Akers, filed a civil rights complaint against Defendant

James Keszei.[1] Akers applies to proceed *in forma pauperis*. As discussed below, the Court

concludes that Akers must pay the filing fee before this case can proceed.

The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal

court without prepaying the filing fee.[2] But, it restricts those who have repeatedly filed

complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this
> section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent

_____

[1]The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2]28 U.S.C.S. § 1915(a) (2009).

danger
of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all

prisoners

seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

The United States District Court for the District of Colorado has stated, "Mr. Akers has

filed three actions in a court of the United States while he was incarcerated or detained in any

facility that were dismissed as frivolous or for failure to state a claim."[5]  As the Tenth Circuit

states, "A federal court may take notice of proceedings in other federal courts when those

proceedings are relevant to matters at issue."[6]

Section 1915(g) applies here because (1) Akers was a prisoner when he filed this

complaint; (2) he has filed three or more prior cases in federal court that have been

dismissed as frivolous or failing to state a claim; and (3) his allegations do not fall within the

exception to 1915(g).  The language of section 1915(g) is mandatory. Thus, a federal prisoner

who falls within the three-strikes provision is required to prepay the entire filing fee before his

claims may proceed.

## ORDER

Akers is not eligible to proceed without prepaying the filing fee in this case because he

---

[3]*Id.* § 1915 (g).

[4]*Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[5]*Akers v. Daniel*, No. 09-cv-02840-PAB, slip op. at 2 (D. Colo. Jan. 5, 2010) (citing *Akers v. Crow*, No. 09-3064, 2009 WL 2668906 (10th Cir. Aug. 28, 2009) (affirming dismissal of district court action as frivolous under § 1915(g)); *Akers v. Martin*, 227 F. App'x 721 (10th Cir. 2007 (affirming dismissal of district court action for failure to state claim pursuant to 28 U.S.C. § 1915A); *Akers v. Vratil*, No. 05-3080-GTV (D. Kan. Mar. 25, 2005) (dismissing complaint against federal judge and prosecutor pursuant to 28 U.S.C. § 1915A(a) and (b)).

[6]*See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

has filed three or more cases in federal court which have been dismissed as frivolous or failing to

state a claim. Therefore, Akers is **DENIED** leave to proceed without prepayment of fees. He is

**ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this

order. Failure to do so will result in the dismissal of the complaint.

       January 22, 2010.

                           BY THE COURT:

                           _____

                           DEE BENSON
                           United States District Judge